UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| JORDAN HANSON BARTMAN, | : | |
| PLAINTIFF, | : | Docket No.: |
| | : | |
| v. | : | |
| | : | |
| WEGMANS FOOD MARKETS, INC, and | : | |
| ARLO TRAINOR, | : | |
| DEFENDANTS. | : | |

## COMPLAINT AND JURY DEMAND

### Nature of the Case

1.  This is an action for declaratory judgment, permanent injunctive relief and damages for injuries to Plaintiff as a result of Defendants' unlawful employment practices in violation of the Family & Medical Leave Act (hereinafter the "FMLA"), the Americans with Disabilities Act (the "ADA",) the Massachusetts Fair Employment Practices Act ("c. 151B"), and state common law.

2.  The Plaintiff, Jordan Hanson Bartman ("Ms. Bartman" or "Plaintiff"), was employed by Defendant Wegmans Food Markets, Inc. ("Defendant Wegmans") for more than two years as a cook. Despite her long-standing disabilities, Ms. Bartman successfully performed her duties, grew in her position and was consistently praised. Ms. Bartman planned to be a long-term employee. Wegmans treated Ms. Bartman as a valued employee until she took a leave of absence under the FMLA in 2015 and requested accommodations for her disabilities in early 2016. The Defendants failed to accommodate her known disabilities, and began a

campaign of harassment and retaliation to drive Ms. Bartman out of her position. Ms. Bartman succeeded in her role despite the Defendants' campaign of harassment. Ultimately, despite her continued hard work and dedication, the Defendants terminated Ms. Bartman's employment because of her disability, despite her rights under FMLA, and/or in retaliation for asserting her rights under the FMLA, the ADA and c. 151B.

## The Parties

3.    Ms. Bartman is an individual residing in Shrewsbury, Massachusetts. Ms. Bartman was a resident of Shrewsbury, Worcester County, Massachusetts at all times relevant to this action.

4.    Defendant Wegmans is a New York corporation with a usual place of business in Northborough, Worcester County, Massachusetts at all times relevant to this action.

5.    Ms. Bartman was as an employee of Wegmans within the meaning of the FMLA, the ADA, and c. 151B at all times described in this Complaint and Jury Demand ("Complaint").

6.    Defendant Arlo Trainor (Defendant Trainor) is, on information and belief, a resident of Berlin, Worcester County, Massachusetts. At all times described in this complaint, he was employed by Defendant Wegmans.

7.    Defendant Wegmans at all times described in this Complaint was Ms. Bartman's employer within the meaning of the FMLA, the ADA and c. 151B.

## Jurisdiction and Venue

8.    Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331.

2

9.      Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to
        28 U.S.C. § 1367.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that
        Defendant Trainor resides in this district and a substantial part of the events or
        omissions giving rise to the claims occurred in Worcester County, Massachusetts
        and the Defendants conduct business and reside, respectively, in Worcester
        County.

11.     On or about June 19, 2017, the Plaintiff filed a proper and timely charge of
        discrimination with the Massachusetts Commission Against Discrimination
        ("MCAD"), which charge was cross-filed with the Equal Employment
        Opportunity Commission ("EEOC").

12.     Plaintiff notified the MCAD and the EEOC that she would be removing her case
        and filing in federal court. On or about April 23, 2018 each agency issued a
        dismissal. Those dismissals are attached hereto as Exhibit A.

13.     All administrative and jurisdictional prerequisites to suit have been satisfied.

## Facts

14.     Ms. Bartman has suffered from anxiety and depression for many years.

15.     Defendant Wegmans hired Ms. Bartman as a part-time Food Runner on or about
        April 12, 2014.

16.     Ms. Bartman was promoted to full-time Cook III in or about October 2014.

17.     During the course of her employment, Ms. Bartman worked continuously,
        diligently, and effectively in her role.

18.     Ms. Bartman's supervisors recognized the "exceptional job Jordan has done for us since joining the Prepared Foods Team" including that "Jordan exemplifies our emphasis on Incredible Customer Service" and that she "excels in all areas."

19.     Her mid-2015 evaluation thanked her for a "great year" and praised her as "an asset to the team" who "prioritizes requests and department activities while simultaneously managing frequent interruptions."

20.     This evaluation also noted that Bartman "consistently arrives to work on time," "maintains a good attendance record" and "adheres to all work rules and regulations."

21.     Defendant Trainor was hired in April 2015 as one of Bartman's higher-level managers.

22.     On or about November 15, 2015, Ms. Bartman was in a car accident, sustained a concussion and was hospitalized for four days. During that four-day period, she was not able to work or to communicate with Wegmans.

23.     Due to Ms. Bartman's medical condition, her mother reported Ms. Bartman's absence from work and the reasons for it to Defendants.

24.     When Ms. Bartman returned to work on or about November 20, 2015, Defendant Trainor berated her for having her mother call into work during her hospitalization.

25.     Despite Ms. Bartman's explanation that her mother had called in due to Ms. Bartman's medical state, Defendant Trainor maintained that notice by a family member was impermissible.

26.    Defendant Trainor relied on a Wegmans' absence reporting policy, which stated, in the case of an unplanned absence "[a]ll employees must notify their direct supervisor of their absence." However, the policy did not expressly prohibit family members from phoning in absences when employees were medically unable to do so.

27.    In November 2015, Ms. Bartman's anxiety and depression worsened to the point that it substantially impaired her major life activities, including concentrating and working.

28.    Ms. Bartman formerly requested FMLA leave from Wegmans' Human Resources staff person, Sadie Flaw ("Ms. Flaw").

29.    Defendants delayed approval of her leave and required Ms. Bartman to work through the 2015 holiday season, including extra hours.

30.    No later than on or about January 22, 2016, Ms. Bartman's doctor communicated to Defendants that Ms. Bartman was suffering from depression and anxiety and required 30 days of continuous leave, and 12 months of ongoing intermittent leave when flare-ups caused episodic incapacity. On a form dated February 12, 2016, Defendant Wegmans approved these requests.

31.    From about January 18 through January 31, Ms. Bartman took two weeks of approved FMLA leave. Ms. Bartman continued to utilize the requested intermittent leave that had been approved.

32.    Between December 2015 until her termination on or about August 25, 2016 Defendants engaged in a campaign of harassment of Ms. Bartman in connection with her leave requests. When Ms. Bartman would return from leave and when

she would request leave, Defendant Trainor and Ms. Flaw would call Ms. Bartman into meetings. In those meetings, Defendant Trainor would make statements questioning the legitimacy of Ms. Bartman's need for leave. He would encourage her to "suck it up" and chastise her for becoming a "burden to all the kitchen staff," or words to that effect.

33.   Ms. Flaw condoned Defendant Trainor's actions by acquiescing to his behavior without objection during these meetings.

34.   In addition to regularly berating Ms. Bartman for her use of leave, Defendants Trainor and Wegmans would also place unwarranted and unlawful demands and restrictions on her use of leave.

35.   Defendant Trainor and Ms. Flaw demanded that Ms. Bartman call out of work at least two hours prior to the start of each shift she called out for. They referred to this requirement as the "two-hour rule."

36.   Ms. Bartman was often unable to comply with the "two-hour rule" due to the unpredictable nature of her conditions.

37.   Each time that Ms. Bartman was unable to comply with this "two-hour rule", Defendant Trainor and Ms. Flaw would convene a meeting to reprimand Ms. Bartman, despite her explanation that compliance was often impossible.

38.   Supported by Ms. Flaw and Wegmans' Human Resources Director Kyla Novinger, Defendant Trainor required Ms. Bartman to obtain a doctor's note every time she used intermittent FMLA leave.

39.     Therefore, even on occasions when a provider visit was not necessary, Ms. Bartman – suffering from a bout of anxiety and depression – had to hastily schedule an emergency visit to obtain a note for Defendants.

40.     Defendant Trainor and Ms. Flaw also required that Ms. Bartman provide notice of any absence directly to Defendant Trainor or one of his managers.

41.     Whenever Ms. Bartman was unable to comply with those demands, Defendants brought her into a meeting for further reprimand, harassment and retaliation.

42.     Other workers not suffering from anxiety and depression were treated more favorably than Ms. Bartman when taking leaves for medical reasons, including a coworker who suffered a shoulder injury at work. That employee took six months of continuous leave without interference, criticism or instruction to curtail her leave.

43.     Beginning in January 2016, Ms. Bartman requested a reduced schedule from Defendant Trainor. He denied the request, did not inquire whether any other possible accommodations might help, and did not offer any alternative accommodations.

44.     In March 2016, Defendant Trainor refused to permit Ms. Bartman to transfer to an open position.

45.     As a result of Defendants' unlawful treatment of Ms. Bartman, her condition worsened. For example, she would suffer panic attacks while getting ready for work. Consequently, her need for leave increased.

46.   In or about early July 2016, Ms. Bartman received a written reprimand for failure to follow the "two-hour rule" when using FMLA leave on June 30, 2016 and July 1, 2016.

47.   On or about July 25, 2016, Ms. Bartman's doctor submitted a new FMLA certification, supplementing it with an addendum on or about August 10, 2016. The certificate indicated that in addition to anxiety and depression, Ms. Bartman had begun to suffer from obsessive compulsive disorder, ADHD and borderline personality disorder. This certification requested increased intermittent FMLA leave.

48.   On or about August 4, 2016, Defendants issued Ms. Bartman a formal written warning alleging she failed to follow proper call-out procedures because she provided notice of her use of intermittent FMLA leave via facsimile notification from her doctor that was received by Defendants nine minutes after the start of Ms. Bartman's shift.

49.   On or about August 8, 2016, Ms. Bartman called out 35 minutes before the start of her 1 p.m. shift. The Wegmans Senior Manager whom she was able to reach chastised Ms. Bartman for not following the "two-hour rule," compelling Ms. Bartman to disclose her medical condition.

50.   Three days later, Defendants further retaliated against Ms. Bartman by placing her on an unpaid one-week suspension from August 11, 2016 until August 18, 2016, coupled with a second written warning that her "job was in jeopardy" due to her "failure to follow proper call-out procedures."

51. On or about August 12, 2016, Defendant Wegmans approved Ms. Bartman's July 25, 2016 FMLA leave request.

52. On or about August 23, 2016, Ms. Bartman woke suffering from nausea and feeling ill. Fearing further punishment from Defendants, Ms. Bartman nevertheless went to work. She arrived eight or fewer minutes late for her shift.

53. Ms. Bartman's supervisor, Matthew Bailey, recognized she was ill. He told her she should not be at work if she was ill. Mr. Bailey directed Ms. Bartman to speak with Defendant Trainor, who told Ms. Bartman to go home. Mr. Trainor stated he and Ms. Flaw wanted to review company policies and Ms. Bartman's attendance record to determine the next disciplinary step.

54. After leaving Wegmans on or about August 23, 2016, Ms. Bartman went to her doctor's office, was diagnosed with a fever, dehydration, and a stomach virus, and went home to recuperate.

55. On August 24, 2016, Ms. Bartman called out sick from work.

56. On August 25, 2016, Ms. Bartman arrived at work and delivered to Ms. Flaw a doctor's letter excusing the August 23, 2016 absence.

57. On August 25, 2016, Defendant Trainor and Ms. Flaw terminated Ms. Bartman's employment, allegedly for "chronic absences, tardiness and failure to follow procedures."

58. The termination notice incorrectly stated that Ms. Bartman failed to arrive for her scheduled start time of "8 a.m." by punching in at 8:38 a.m." In fact, Ms. Bartman's start time was 7 a.m. with an alleged clock-in of 7:38 a.m.

59.     Upon her termination, Ms. Bartman had approximately 6 weeks of FMLA leave remaining.

60.     Defendant Wegmans' policy was not to treat tardiness of less than six minutes as grounds for any form of disciplinary action.

61.     The employee timeclock for Ms. Bartman's department routinely ran at least three minutes fast, a fact known to department management and to Wegmans' HR department.

62.     Prior to issuing discipline, Ms. Flaw did not ordinarily review absences to see if the absences were FMLA-protected, unless the employee specifically stated the absence was "FMLA-related." She did not review Ms. Bartman's absences to determine whether they were FMLA-protected, nor did she ask Ms. Bartman if they were, prior to disciplining her.

63.     As a result of her unlawful termination by Defendants, Ms. Bartman has been out of work for an extended period and has suffered economic and other related damages, including emotional distress.

### The Defendant's Motivation

64.     The ostensible reason for the Plaintiff's dismissal was pretextual.

65.     The Defendants' conduct, as more particularly set forth above, was willful and knowing.

66.     The Defendants' conduct, as more particularly set forth above, was intended to and did harm the Plaintiff.

67.     The Defendants' conduct, as more particularly set forth above, has caused the Plaintiff to suffer emotional distress, and continues to do so.

68. The Defendants' conduct, as more particularly set forth above, was made with the knowledge and intent to violate state and federal law.

69. The Defendants' conduct, as more particularly set forth above, was carried out with malice.

70. The Defendants' conduct, as more particularly set forth above, was outrageous and egregious, and warrants condemnation and deterrence.

## COUNT I:  Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. Against Defendant Wegmans

71. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and incorporates them by reference herein.

72. Defendant Wegmans is an employer under the FMLA, 29 U.S.C. § 2611(4), and subject to its provisions.

73. The Plaintiff's condition resulting from her 2015 car accident, requiring four days of hospitalization, constituted a serious health condition pursuant to 29 U.S.C. § 2611(11).

74. The Plaintiff's ongoing conditions, including anxiety and depression, obsessive compulsive disorder, ADHD and borderline personality disorder, all of which at times necessitated absences from work, constituted one or more serious health conditions pursuant to 29 U.S.C. § 2611(11).

75. As outlined above, Defendant Wegmans knew or should have known that Ms. Bartman has a qualifying condition under the FMLA.

76. Under the FMLA, 29 U.S.C. § 2612, Plaintiff was entitled to take up to 12 weeks of intermittent leave during any 12-month period.

77.     Defendant Wegmans had a duty to refrain from interfering with, restraining, and/or denying the exercise or the attempt to exercise Plaintiff's rights under 29 U.S.C. §§ 2611, *et seq*.

78.     As more particularly described above, Defendant Wegmans interfered with the Plaintiff's exercise of her rights under FMLA by, *inter alia*, complaining about her use of leave, discouraging her from taking leave, complaining about a family member reporting her absences due to her hospitalization, disciplining her for taking leave, and, ultimately, dismissing her from Defendant Wegmans' employ for having exercised her rights under the statute.

79.     The interference described above violated the Plaintiff's rights under the FMLA.

80.     Plaintiff suffered damages as a result of these unlawful acts.

81.     Defendant Wegmans is liable to the Plaintiff for violating her rights under the FMLA, 29 U.S.C.§ 2612.

### COUNT II: Retaliation for Use of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. Against Defendant Wegmans

82.     Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 81 and incorporates them by reference herein.

83.     Defendant Wegmans was aware of Plaintiff's protected activities.

84.     By dismissing the Plaintiff from its employ, and in divers other ways as more particularly described above, Defendant Wegmans retaliated against Plaintiff for exercising her rights under the FMLA.

85.     Retaliation for the exercise of rights protected by the FMLA is a violation of law. 29 U.S.C. § 2615(a).

86.     Plaintiff suffered damages as a result of this unlawful conduct.

87. Defendant Wegmans' conduct in retaliating against the Plaintiff for the exercise of her rights under FMLA was willful and intentional.

88. Defendant Wegmans is liable to the Plaintiff for violating her rights under the FMLA, 29 U.S.C.§ 2612.

## COUNT III: Violation of Americans with Disabilities Act, 26 U.S.C. § 121111: Failure to Accommodate Against Defendant Wegmans

89. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and incorporates them by reference herein.

90. Plaintiff was, at all times, a qualified individual with a disability who was able to perform the essential functions of her position with or without accommodation.

91. Plaintiff suffered from ongoing impairments, including anxiety and depression, obsessive compulsive disorder, ADHD and borderline personality disorder. These impairments at times necessitated absences from work, required ongoing medical treatment and substantially impaired her ability to think, concentrate and/or work (among other major life activities).

92. Plaintiff's condition constituted a disability under the ADA, as amended, 26 U.S.C. § 12111, et seq.

93. Defendant Wegmans had notice of Ms. Bartman's impairment and need for accommodation.

94. Defendant Wegmans had a duty to provide Plaintiff with reasonable accommodations that did not impose an undue hardship.

95. On multiple occasions, Plaintiff made requests for reasonable accommodation, including relief from the "two-hour rule;" a part-time, reduced, or flexible

schedule; and relief from the obligation to bring in a doctor's note for each disability-related absence. Defendant Wegmans denied each of these requests.

96.    These accommodations were reasonable and would not have caused Defendant Wegmans' undue hardship.

97.    Further, Defendant Wegmans failed to engage with Plaintiff in an interactive dialogue in good faith.

98.    The Plaintiff has suffered damages as a result of Defendant Wegmans' violations of law set forth above.

99.    Defendant Wegmans is liable for the violations of law set forth above.

### COUNT III: Violation of Americans with Disabilities Act, 26 U.S.C. § 121111:  Discrimination and Retaliation Against Defendant Wegmans

100.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and 90 through 99 and incorporates them by reference herein.

101.    Defendant Wegmans discriminated against the Plaintiff on account of her disability by, *inter alia*, treating her differently from non-disabled workers, disciplining her and dismissing her from employment, as more particularly described above.

102.    Defendant Wegmans had notice of the Plaintiff's disability and of her protected activities, and was motivated by Plaintiff's disability and her protected activities in terminating her employment.

103.    In the alternative, Defendant Wegmans regarded the Plaintiff as having a disability, and discriminated against her on account of its perception that the Plaintiff's condition constituted a disability as defined by the ADA, as amended.

104. Defendant Wegmans had a duty to refrain from discriminating against the Plaintiff on account of her disability or perceived disability

105. The Plaintiff suffered damages as a result of Defendant Wegmans' violations of law.

106. Defendant Wegmans is liable for the violations of law set forth above.

107. Defendant Wegmans' acts of discrimination against the Plaintiff, as more particularly described above, were made with malice or with reckless indifference to Ms. Bartman's federally protected rights.

### COUNT V: Violation of Mass. Gen. Laws c. 151B, § 4(16), Handicap Discrimination Against Defendant Wegmans

108. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and incorporates them by reference herein.

109. Plaintiff was, at all times, a qualified individual with a handicap who was able to perform the essential functions of her position with or without accommodation.

110. Plaintiff's condition(s) constituted a handicap(s) under Mass. Gen. Laws c. 151B, § 4(16).

111. Defendant Wegmans discriminated against the Plaintiff on account of her handicap by, *inter alia*, harassing, disciplining and dismissing her from employment, as more particularly described above.

112. The Plaintiff's discipline and dismissal were motivated by her disability.

113. In the alternative, Defendant Wegmans regarded the Plaintiff as having a handicap or impairment as defined by Mass. Gen. Laws c. 151B, § 1(17), and discriminated against her on the basis of that perception.

114. Defendant Wegmans had a duty to refrain from discriminating against the Plaintiff on account of her handicap or on account of a perceived handicap.

115. Defendant Wegmans had a duty to provide Plaintiff with reasonable accommodations that did not impose an undue hardship.

116. On multiple occasions, Defendant Wegmans denied Plaintiff's requests for reasonable accommodation, including relief from the "two-hour rule," a flexible schedule, and not bringing in a doctor's note for each absence related to her ongoing handicap.

117. These accommodations were reasonable and would not have caused Defendant Wegmans undue hardship.

118. Further, Defendant Wegmans failed to engage with Plaintiff in an interactive dialogue in good faith.

119. The Plaintiff has suffered damages from the violations of law set forth above.

120. Defendant Wegmans is liable for the violations of law set forth above.

121. Defendant Wegmans' acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

## COUNT VI: Violation of Mass. Gen. Laws c. 151B, § 4(4), Retaliation Against All Defendants

122. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and 109 through 121 and incorporates them by reference herein.

123. As outlined above, the Defendants terminated and discriminated against Plaintiff because she opposed the Defendants' violation of her rights under Mass. Gen. Laws c. 151B, § 4.

124.    The Plaintiff has suffered damages from the violations of law set forth above.

125.    The Defendants are liable for the violations of law set forth above.

126.    The Defendants' acts of discrimination against the Plaintiff, as more particularly

described above, were outrageous or egregious and warrant punishment.

### COUNT VII: Violation of Mass. Gen. Laws c. 151B, §4(4A), Coercion, Intimidation, Interference and Threats Against Defendant Trainor

127.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and

109 through 126 and incorporates them by reference herein.

128.    As outlined above, Defendant Trainor coerced, intimidated, and threatened

Plaintiff for, and interfered with Plaintiff's exercise and enjoyment of her rights to

a reasonable accommodation and to be free from discrimination and retaliation.

129.    The Plaintiff has suffered damages from the violations of law set forth above.

130.    Defendant Trainor is liable for the violations of law set forth above.

131.    Defendant Trainor's acts of discrimination against the Plaintiff, as more

particularly described above, were outrageous or egregious and warrant

punishment.

### COUNT VIII: Violation of Mass. Gen. Laws c. 151B, § 4(5), Aiding and Abetting Against Defendant Trainor

132.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and

109 through 131 and incorporates them by reference herein.

133.    As outlined above, Defendant Trainor aided, abetted, incited, compelled or

coerced the doing of acts forbidden under Mass. Gen. Laws c. 151B.

134.    The Plaintiff has suffered damages from the violations of law set forth above.

135.    Defendant Trainor is liable for the violations of law set forth above.

136.   Defendant Trainor's acts of discrimination against the Plaintiff, as more
       particularly described above, were outrageous or egregious and warrant
       punishment.


WHEREFOR, Plaintiff prays the court to:

    a.   Adjudge Defendant Wegmans liable for the violations of law set forth
     in Count I.

    b.   Adjudge Defendant Wegmans liable for the violations of law set forth
     in Count II.

    c.   Adjudge Defendant Wegmans liable for the violations of law set forth
     in Count III.

    d.   Adjudge Defendant Wegmans liable for the violations of law set forth
     in Count IV.

    e.   Adjudge the Defendant Wegmans liable for the violations of law set
     forth in Count V.

    f.   Adjudge the Defendants liable for the violations of law set forth in
     Count VI.

    g.   Adjudge Defendant Trainor liable for the violations of law set forth in
     Count VII.

    h.   Adjudge Defendant Trainor liable for the violations of law set forth in
     Count VIII.

    i.   Award the Plaintiff lost wages, benefits and other economic losses
     according to law.

j.  Award the Plaintiff damages for emotional pain and suffering according to law.

k.  Award the Plaintiff liquidated damages, as provided by law.

l.  Award the Plaintiff punitive damages, as provided by law.

m.  Award the Plaintiff pre- and post-judgement interest, according to law.

n.  Award the Plaintiff her costs and reasonable attorneys' fees, as provided by law.

o.  Grant the Plaintiff such additional relief, including equitable relief, as the court deems reasonable and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on her claims.

Respectfully submitted,
JORDAN HANSON BARTMAN,
By her attorneys,

_____/s/ Melissa A. Pomfred_____
Melissa Pomfred (BBO# 665682)
melissa@pomfredlaw.com
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038
P: (508) 321-7859
F: (508) 321-9333

_____/s/ Ellen J. Messing_____
Ellen J. Messing (BBO# 343960 )
emessing@mrwemploymentlaw.com
Messing, Rudavsky & Weliky, P.C.
50 Congress Street, Suite 1000
Boston, MA 02109
P: (617) 742-0004
F: (617) 742-1887

Dated: July 17, 2018

**EXHIBIT A**

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
484 Main Street, Room 320, Worcester, MA 01608
Phone: (508) 453-9630 Fax: (508) 755-3861

**- DISMISSAL and NOTIFICATION of RIGHTS -**

| To: | Jordan Hanson-Bartman<br>47 Old Laxfield Road<br>Shrewsbury, MA 01545 | Case: Jordan Hanson-Bartman v. Wegmans Food Markets, Inc., Arlo Trainor<br>**MCAD Docket Number:** 17WEM01494<br>**EEOC Number:** 16C-2017-01610<br>**Investigator:** Alex Smith |
|---|---|---|

Your complaint has been dismissed for the following reasons:

[ ]   The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[X]   Other (Chapter 478 Removal).

Monserrate Quiñones
Investigating Commissioner

Date 4/23/298

Cc: Robert C. Weissflach, Esq.
Harter, Secrest & Emery, LLP
50 Fountain Plaza, Suite 1000
Buffalo, NY 14202-2293

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Jordan Hanson-Bartman<br>47 Old Laxfield Road<br>Shrewsbury, MA 01545 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2017-01610 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

Enclosures(s)                              **Feng K. An,**<br>**Area Office Director**                              April 23, 2018
                                                                                                          *(Date Mailed)*

cc:

**WEGMANS FOOD MARKETS, INC.**<br>100 Wegmans Market Street<br>Rochester, NY 14624

Melissa A. Pomfred, Esq.<br>Pomfred Law Offices, PLLC<br>5 East Street<br>Franklin, MA 02053